9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juanita CHILDS, Plaintiff-Appellant,
v.
PAINEWEBBER INCORPORATED, Defendant-Appellee.
 No. 92-16894.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juanita Childs appeals pro se the district court's judgment confirming an underlying arbitration award rendered by the National Association of Securities Dealers ("NASD") in favor of defendant Painewebber, Inc., and dismissing Childs's action as barred by the applicable statute of limitations. Childs alleged that Painewebber violated section 10(b) of the Securities Exchange Act of 1934 and section 17(a) of the Securities Act of 1933 by fraudulently soliciting and selling unsuitable investments, and making material misstatements and omissions with respect to her investments made in her Painewebber account. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.[1]
 
 
 3
 Childs filed her complaint on July 17, 1990 alleging violations of sections 10(b) and 17(a) occurring in August 1986, May 1987, and October 1989. On August 22, 1990, Painewebber filed a motion to compel arbitration and stay the proceedings. The district court granted this motion. Arbitration proceedings were conducted before the NASD which dismissed Childs's claims on statute of limitations grounds. The district court confirmed the arbitrator's decision and dismissed the action. The court found that Childs discovered the alleged August 1986 fraud in April 1987 and did not file her action within the three-year limitations period under California law.
 
 
 4
 In her amended complaint, Childs alleges that in August 1986 and May 1987 Painewebber sold her limited partnership interests that were fraudulently represented to her as corporate stocks. Childs also alleges that in October 1989 Painewebber fraudulently denied her the benefit of a tender offer relating to certain Texaco stock held in her account.
 
 A. August 1986 Claim
 
 5
 We review de novo the district court's dismissal of an action on the ground that it is barred by the applicable statute of limitations. Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 585 (9th Cir.1993). The district court's factual findings regarding when a cause of action accrued are reviewed for clear error. Rose v. United States, 905 F.2d 1257, 1259 (9th Cir.1990).
 
 
 6
 In Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 111 S.Ct. 2773 (1991), the Supreme Court set out the limitations period for actions brought under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Under Lampf, section 10(b) actions "must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." 111 S.Ct. at 2782. In response to the Lampf decision, Congress enacted section 27A of the 1934 Act, 15 U.S.C. § 78aa-1. Section 27A instead provides that the limitation period for section 10(b) actions commenced on or before June 19, 1991, the day before the Court announced its decision in Lampf, shall be the limitation period provided by the "laws applicable in the jurisdiction." See 15 U.S.C. § 78aa-1. Section 27A thus prohibits retroactive application of the limitations period set out in Lampf.
 
 
 7
 Here, Childs commenced her section 10(b) action on July 17, 1990. Thus, the Lampf limitation period is inapplicable to Childs's action. "In this circuit the limitations period for claims arising under the antifraud provisions of the federal securities laws in California begins to run at the same time as does the California period for fraud." Robuck v. Dean Witter & Co., 649 F.2d 641, 644 (1980). Thus, alleged violations of section 10(b) are subject to the three-year statute of limitations for fraud under Cal.Civ.Proc.Code § 338(4). Davis v. Birr, Wilson & Co., 839 F.2d 1369, 1369-70 (9th Cir.1988). "The statute of limitations begins to run when the plaintiff has actual knowledge of the fraud or knowledge of facts sufficient to put a reasonable person on notice." Id. at 1370.
 
 
 8
 In Childs's response to Painewebber's motion for an order confirming the arbitration order and dismissing the action, Childs stated: "My first knowledge of being violated by [Painewebber] was when an envelop[e] containing 'limited partnership' income tax papers came to my home in April 1987." In that response, Childs also stated that she "began looking for a securities attorney since April 1987 when [she] first read the words 'limited partnership'." Childs claims that although she discovered the facts giving rise to a claim in April 1987, she did not know that she had a legal remedy until she discussed the matter with an attorney in April 1990.
 
 
 9
 For statute of limitations purposes, it is not necessary that the plaintiff have knowledge of a legal remedy, but only that she have actual knowledge of the fraud or knowledge of facts sufficient to put a reasonable person on notice. See Davis, 839 F.2d at 1370; Robuck, 649 F.2d at 644. As the district court correctly noted, the focus of the inquiry is on discovery of facts not discovery of the legal basis for a cause of action. Thus, the district court did not clearly err by finding that Childs discovered the alleged August 1986 fraud in April 1987. Because Childs did not file her complaint until July 17, 1990, the court did not err by dismissing the August 1986 claim as time-barred pursuant to the three-year limitations period. See Davis, 839 F.2d at 1370; Cal.Civ.Proc.Code § 338(4).
 
 B. May 1987 Claim
 
 10
 In her amended complaint, Childs alleges that On May 6, 1987, Painewebber sold her additional limited partnership interests which were fraudulently "disguised as debentures." Childs alleges that she did not discover this alleged fraud until "some year later." The district court made no findings regarding when the facts giving rise to this claim were discovered and whether this claim also is barred by the three-year limitations period. Accordingly, we reverse the district court's dismissal of the May 1987 claim, and remand for further proceedings regarding this claim.
 
 C. October 1989 Claim
 
 11
 In its order denying Childs's motion for reconsideration of the order of dismissal, the district court stated that the October 1989 claim relating to a Texaco stock tender offer was not properly before the court because it was not alleged in either the Childs's original or amended complaints. Our review of the record reveals, however, that Childs raised this claim on pages 28 and 29 of her amended complaint. Accordingly, we reverse the district court's dismissal of the October 1989 claim, and remand for further proceedings regarding this claim.[2]
 
 
 12
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note at the outset that our review of this case was made significantly more difficult by Painewebber's counsel's failure to provide any citation to the record in its brief on appeal in violation of Fed.R.App.P. 28(a)(3) & (e)
 
 
 [2]
 Childs's claims under section 17(a) were properly dismissed because no private right of action exists under that section. See Puchall v. Houghton, Cluck, Coughlin & Riley (In re Washington Pub. Power Supply Sys. Sec. Litig.), 823 F.2d 1349, 1355-58 (9th Cir.1987) (en banc)
 
 
 [3]
 Childs's motion to extend the time to file a reply brief is granted. The reply brief received on June 2, 1993 is deemed filed